UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ANGELICA MATA and GILBERT HERNANDEZ,         DKT#:13-cv-6499
by and through his father and natural legal guardian,
Gilbert Hernandez, Sr.,

                Plaintiffs,         **FIRST AMENDED COMPLAINT**

    - against -         **JURY TRIAL DEMANDED**

THE CITY OF NEW YORK,         **ECF CASE**
P.O. "JOHN DOE" #1-10, Individually and in
their official capacities (the name John Doe being fictitious
as the true names are presently unknown),

                Defendants.
------------------------------------------------------------------------x

      Plaintiffs, ANGELICA MATA and GILBERT HERNANDEZ, by and through his father and natural legal guardian, GILBERT HERNANDEZ, SR., by their attorneys, TREYVUS & KONOSKI, P.C., complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

      1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

      2. This action is brought pursuant to 42 U.S.C. §§ 1983, and 1988, and the First, Fourth, Fifth, Eight and Fourteenth Amendments to the United States Constitution.

      3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

### VENUE

      4. Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

**JURY DEMAND**

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

**PARTIES**

6.  Plaintiffs, ANGELICA MATA and GILBERT HERNANDEZ, are citizens of the United States and at all relevant times a resident of the City and State of New York.

7.  Plaintiff, ANGELICA MATA, is an adult and is 18 years of age at the time of the filing of this First Amended Complaint and is now bringing this action on her own behalf.

8.  Plaintiff, GILBERT HERNANDEZ, is 17 years old and is a minor at the time of the filing of this First Amended Complaint.  GILBERT HERNANDEZ, SR., is the father and natural guardian of the Plaintiff, GILBERT HERNANDEZ, and has brought this action on behalf of his son, GILBERT HERNANDEZ.

9.  Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly organized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

11. That at all times hereinafter mentioned, the individually named defendants, P.O. "JOHN DOE" #1-10, were duly sworn police officers of THE CITY OF NEW YORK Police Department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York or THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, CITY OF NEW YORK.

## FACTS

15. On or about August 21, 2013, ANGELICA MATA's father, Daniel Mata, was driving a vehicle in which both Plaintiffs were passengers. The vehicle was being driven on Roosevelt Avenue in the County of Queens, within the City and State of New York.

16. Plaintiff, ANGELICA MATA, was born on December 16,1995, and on August 21, 2013 she was 17 years old.

17. Plainiff, GILBERT HERNANDEZ, was born on April 8, 1996, and on August 21, 2013 he was 17 years old.

18. The Defendant Police Officers, including P.O. "JOHN DOE" # 1-10 pulled over the vehicle the Plaintiffs were passengers in.

19. The Plaintiffs were informed that the license plates on the vehicle were stolen from North Carolina. However, the license plates were visibly Texas license plates.

20. The two Plaintiffs, who were 17 years old, had no criminal history.

21. ANGELICA MATA and GILBERT HERNANDEZ had committed no crime.

22. The Plaintiffs were subjected to handcuffing, multiple frisks, and detention in a jail cell.

23. The Defendant Police Officers did not have any probable cause or reasonable suspicion to stop, handcuff, frisk, detain, and arrest the Plaintiffs.

24. ANGELICA MATA became extremely emotionally distressed over the arrest. When she was in the police van she vomited.

25. The Plaintiffs were held in custody and their liberty was restricted for over 2 hours.

26. The Plaintiffs were eventually released without any criminal charges.

27. As a result of the foregoing, plaintiffs sustained, <u>inter alia</u>, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983

28. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "27" with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

30. All of the aforementioned acts deprived plaintiffs of their rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America and in violation of 42 U.S.C. § 1983

31. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York Police Department, all under the supervision of ranking officers of said department.

33. Defendants collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## UNLAWFUL SEIZURE (OF PERSON) UNDER 42 U.S.C § 1983

34. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "33" with the same force and effect as if fully set forth herein.

35. As a result of defendants' aforementioned conduct, plaintiffs were subjected to an illegal, improper and unlawful seizure of their person without any probable cause, privilege, or consent.

36. That the seizure of the plaintiffs were objectively unreasonable and in violation of the plaintiffs' constitutional rights.

37. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and plaintiffs were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiffs sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of their constitutional rights.

**THIRD CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C § 1983**

38. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39. As a result of defendants' aforementioned conduct, plaintiffs were subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, confined, and incarcerated by the defendants without any probable cause, privilege or consent.

40. That the detention of the plaintiffs by defendants were objectively unreasonable and in violation of plaintiffs' constitutional rights.

41. As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, and plaintiffs were put in fear for their safety, were humiliated and subjected to handcuffing, and other physical restraints, all without probable cause, and plaintiffs sustained, inter alia, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of their constitutional rights.

**FOURTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

42. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43. Defendants including THE CITY OF NEW YORK, and P.O. "JOHN DOE" # 1-10, subjected the Plaintiff to violations of his federally protected civil rights, including a False Arrest and Malicious prosecution.

44. The acts complained of were carried out by the aforementioned defendant police

officers in their capacities as police officers and officials with all the actual and/or apparent authority attendant thereto.

45. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the THE CITY OF NEW YORK, all under the supervision of ranking officers of said department.

46. The aforementioned customs, polices, usages, practices, procedures, and rules of THE CITY OF NEW YORK, include but are not limited to the following unconstitutional practices:

    (a) Subjecting persons to violations of their constitutionally protected rights.
    (b) Ignoring and/or failing to investigate when evidence is available proving innocence or demonstrating that there is a lack of probable cause to arrest.
    (c) Failing to properly train police officers.
    (d) Failing to properly supervise police officers.

47. The existence of the aforesaid unconstitutional customs and policies may be inferred from the failure of THE CITY OF NEW YORK, to provide proper training to police officers regarding various protected constitutional rights.

48. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK constituted a deliberate indifference to the safety, well-being, and constitutional rights of Plaintiff.

49. The foregoing customs, policies, usages, practices, procedures and rules of the THE CITY OF NEW YORK were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

50. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were

directly responsible for the violation of plaintiff's constitutional rights.

## DAMAGES AND RELIEF REQUESTED

51. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52. All of the foregoing acts by defendants deprived plaintiffs of their federally protected rights, including, but not limited to, the right:

    A. Not to be deprived of liberty without due process of law;

    B. To be free from seizure and arrest not based upon probable cause;

    C. To be free from unwarranted and unlawful arrest

    D. To receive equal protection under the law.

53. By reason of the aforesaid conduct by defendants, plaintiff ANGELICA MATA is entitled to the sum of two hundred thousand dollars ($200,000.00) in compensatory damages, two hundred thousand dollars ($200,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

54. By reason of the aforesaid conduct by defendants, plaintiff GILBERT HERNANDEZ is entitled to the sum of two hundred thousand dollars ($200,000.00) in compensatory damages, two hundred thousand dollars ($200,000.00) in punitive damages, plus attorney's fees pursuant to 42 U.S.C. § 1988, as well as costs and disbursements of this action, and any further relief as the Court may find just and proper.

**WHEREFORE,** Plaintiff ANGELICA MATA demands judgment in the sum of two hundred thousand dollars ($200,000.00) in compensatory damages, two hundred thousand dollars ($200,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

**WHEREFORE,** Plaintiff GILBERT HERNANDEZ demands judgment in the sum of two hundred thousand dollars ($200,000.00) in compensatory damages, two hundred thousand dollars ($200,000.00) in punitive damages, plus attorney's fees, costs and disbursements of this action.

Dated:  New York, NY
         February 24, 2014

By:  */s/ Kira Treyvus*
_____
KIRA TREYVUS (KT8049)
Treyvus & Konoski, P.C.
*Attorney(s) for the Plaintiff*
305 Broadway, 14th Floor
New York, NY 10007
(212) 897-5832